UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EKEH,

    Plaintiff,

v.

BUDGET TRUCK RENTAL LLC, et al.,

    Defendants.

Case No. 25-cv-4062-HLT-TJJ

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

    Plaintiff filed his complaint against Budget Truck Rental LLC, Butler County District Court, and seven individuals for claims arising from his arrest on state law criminal charges in Butler County, Kansas, on October 30, 2024.[1] He alleges Budget Truck Rental falsely reported to law enforcement that he stole a rental box truck and thereby ended his ability to work. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 5).[2] Plaintiff requests the Court to appoint a lawyer to represent him in this case.

    Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[3] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel."

---

[1] Compl. (ECF No. 1) and exhibits. *See State v. Ekeh*, Case No. BU-2024-CR-000496 (District Court of Butler County, Kansas).

[2] Plaintiff filed the same motion in Case 25-4063-HLT-TJJ.

[3] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[4] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

For a plaintiff who asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the district court has discretion to appoint counsel "in such circumstances as the court may deem just."[5] The Tenth Circuit has identified four factors as relevant to evaluating a motion for the appointment of counsel in Title VII cases.[6] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[7] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[8] The discretion granted to the court in appointing counsel is extremely broad.[9] To show diligent efforts to secure an attorney, this District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[10] Therefore,

---

[5] 42 U.S.C. § 2000e-5(f)(1). The Court can also appoint counsel under the Americans with Disabilities Act "in such circumstances as the court may deem just." 42 U.S.C. § 12117(a) (incorporating the powers, remedies and procedures of 42 U.S.C. § 2000e-5(f)(1)).

[6] *Castner*, 979 F.2d at 1420–21.

[7] *Id.* at 1421.

[8] *Id.*

[9] *Id.* at 1420.

[10] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above factors. The Court has granted Plaintiff's motion to proceed without prepayment of fees (*in forma pauperis*) in this case but has withheld service of summons and the complaint upon Defendants pending further order after screening of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[11] The Court found pre-service screening appropriate as it appears Plaintiff's Complaint and his prior cases 24-3224-JWL and 24-3225-JWL against some of the same defendants raise significant substantive concerns that suggest dismissal of this case may be appropriate.

The other factors for the appointment of counsel also weigh against appointing counsel at this time. Although Plaintiff has listed the names of six attorneys or law firms he contacted, all have addresses in states other than Kansas. Most of the dates Plaintiff contacted them are in 2023 and 2024, prior to the October 2024 arrest giving rise to his claims in this case. Plaintiff has not shown diligence in attempting to secure counsel about the events giving rise to this case prior to filing his motion. Finally, a review of Plaintiff's filings to date shows that he appears capable of adequately representing himself without counsel at this early stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is **denied**.

A copy of this Order shall be mailed to Plaintiff.

---

[11] *See* Order (ECF No. 7).

IT IS SO ORDERED.

Dated July 15, 2025, in Kansas City, Kansas.

                                                                                      Teresa J. James
                                                                                      U. S. Magistrate Judge