# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY EKEH,

    Plaintiff,

v.

BUDGET TRUCK RENTAL LLC, et al.,

    Defendants.

Case No. 5:25-cv-04062-HLT-TJJ

## ORDER

Plaintiff filed this case on June 27, 2025. Doc. 1.[1] The magistrate judge granted Plaintiff leave to proceed in forma pauperis but withheld service to allow for screening. Doc. 7. On August 20, 2025, the magistrate judge issued a Report and Recommendation ("R&R") recommending dismissal of all claims without prejudice for failure to state a claim. Doc. 11. The R&R found that Plaintiff had not plausibly stated a claim under Title VII, the ADA, or the False Claims Act. *Id.* at 4-7. The R&R informed Plaintiff that he had 14 days to file objections and that no appellate review would be permitted if he failed to file an objection. *Id.* at 1. Plaintiff did not file an objection.[2]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

[2] A copy of the R&R was mailed to Plaintiff at the address on file. The R&R has not been returned as undeliverable. However, mail sent to Plaintiff at the same address in another pending case has been returned, with the notation "Attempted – Not Known Unable to Forward." *See, e.g.*, Doc. 13, *Ekeh v. Butler County District Court, et al.*, Case No. 25-4063 (D. Kan.). Plaintiff has not updated his address in this case or his other pending case. It is Plaintiff's responsibility to notify the Court about any address change. *See* D. Kan. Rule 5.1(b)(3). Plaintiff previously filed three other cases in the District of Kansas in addition to the two currently pending. In those cases, which were all dismissed, Plaintiff was notified that he should file a Notice of Change of Address with the Court to reflect new contact information. *See, e.g.*, *Ekeh v. Penske Truck Rental, et al.*, Case No. 24-3226 (D. Kan.). Thus, he is aware of his obligation to keep his contact information current.

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Plaintiff has not objected and has therefore waived his right to de novo review. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

The Court has reviewed the docket and R&R. Because Plaintiff has not filed an objection, he has waived review and dismissal is proper for the reasons stated in the R&R. The Court would reach the same result if it employed de novo review. The complaint purports to bring claims under Title VII, the ADA, and the False Claims Act. Doc. 1 at 1, 3. It asserts various forms of employment discrimination. *Id.* at 4. The allegations are varied and difficult to follow. They detail a vast conspiracy and generally allege that Budget Truck Rental made a false police report against Plaintiff, which ended Plaintiff's work and landed him in jail. But as the R&R explained, none of the allegations suggest that Plaintiff was an employee of any of the defendants or that he sought and was denied such a relationship, which forecloses his employment claims under Title VII and the ADA. Nor are there any allegations that Plaintiff was denied public accommodations or public services under the ADA. Although Plaintiff purports to bring claims under the False Claims Act, he references a criminal statute under which Plaintiff cannot bring a civil claim. To the extent he brings a civil claim under the False Claims Act, none of his claims involve false claims against the United States. The Court therefore agrees dismissal without prejudice is warranted.

THE COURT THEREFORE ORDERS that the Report and Recommendation (Doc. 11) is ADOPTED as the order of the Court. This case is DISMISSED WITHOUT PREJUDICE for failure to state a claim. This case is closed.

IT IS SO ORDERED.

Dated: September 30, 2025                    /s/ *Holly L. Teeter*
                                                               HOLLY L. TEETER
                                                               UNITED STATES DISTRICT JUDGE